IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

CONNIE McADOO,

            Plaintiff,

v.

COMMISSIONER SOCIAL SECURITY
ADMINISTRATION,

            Defendant.

Case No. 6:15-cv-01007-MA

OPINION AND ORDER

MERRILL SCHNEIDER
Schneider Kerr Law Offices
P.O. Box 14490
Portland, OR 97293

    Attorney for Plaintiff

JANICE E. HEBERT
Assistant United States Attorney
District of Oregon
1000 S.W. Third Ave., Suite 600
Portland, OR 97204-2902

HEATHER L. GRIFFITH
Social Security Administration
Office of the General Counsel
701 Fifth Ave., Suite 2900 M/S 221A
Seattle, WA 98104-7075

    Attorneys for Defendant

1 - OPINION AND ORDER

MARSH, Judge

Plaintiff Connie McAdoo seeks judicial review of the final decision of the Commissioner of Social Security denying her application for Supplemental Security Income (SSI) disability benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-1383f. This Court has jurisdiction pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). For the reasons that follow, I affirm the Commissioner's decision.

## PROCEDURAL AND FACTUAL BACKGROUND

Plaintiff protectively filed an application for SSI on September 12, 2012, alleging disability beginning January 1, 2009, due to bipolar disorder, borderline paranoid personality disorder, a pinched nerve in her back, numbness in her upper right extremity, and problems with her left shoulder.[1] Plaintiff's claims were denied initially and upon reconsideration. Plaintiff filed a request for a hearing before an administrative law judge ("ALJ"). The ALJ held a hearing on February 5, 2014, at which Plaintiff appeared with her attorney and testified. A vocational expert, Jeffery F. Tittlefitz, also appeared at the hearing and testified. On March 10, 2014, the ALJ issued an unfavorable decision. The Appeals Council denied Plaintiff's request for review, and therefore, the ALJ's decision became the final decision of the Commissioner for purposes of review.

Plaintiff was 46 years old on her alleged onset of disability date, and 51 years old at the March 2014 hearing. Plaintiff completed high school and has taken some community college courses. Plaintiff has past relevant work experience as a cashier and gas station attendant.

---

[1] Plaintiff also concurrently applied for disability insurance benefits under Title II on September 12, 2012. The ALJ found that Plaintiff did not timely appeal an earlier Title II denial, that mental incapacity did not excuse her failure to request review, and therefore, *res judicata* applied to her Title II claim. Plaintiff does not challenge that portion of the ALJ's decision in this action. Transcript of Record ("Tr.") at 14-15, ECF No. 14.

2 - OPINION AND ORDER

## THE ALJ'S DISABILITY ANALYSIS

The Commissioner has established a five-step sequential process for determining whether a person is disabled. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987); 20 C.F.R. § 416.920. Each step is potentially dispositive. The claimant bears the burden of proof at steps one through four. *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012); *Valentine v. Commissioner Soc. Sec. Admin.*, 574 F.3d 685, 689 (9th Cir. 2009). At step five, the burden shifts to the Commissioner to show that the claimant can do other work that exists in the national economy. *Hill v. Astrue*, 698 F.3d 1153, 1161 (9th Cir. 2012).

At step one, the ALJ found that Plaintiff has not engaged in substantial gainful activity since September 12, 2012, her application date. At step two, the ALJ found that Plaintiff had the following severe impairments: bipolar disorder versus major depressive disorder; panic disorder without agoraphobia versus anxiety disorder NOS, with symptoms of social phobia, panic and PTSD; amphetamine dependence in full remission; type II diabetes mellitus; migraine headaches; carpal tunnel syndrome; and hypertension. At step three, the ALJ found that Plaintiff's impairment or combination of impairments, did not meet or medically equal a listed impairment.

The ALJ assessed Plaintiff with a residual functional capacity ("RFC") to perform light work but with the following limitations:

> She cannot climb ladders, ropes, or scaffolds. She cannot crawl. She can stoop and crouch occasionally. She can reach overhead with her left upper extremity on an occasional basis. She is able to perform occasional handling and fingering with her right upper extremity. [Plaintiff] is capable of understanding, remembering and carrying out only simple instructions, which must be learnable in 30 days or less. She cannot tolerate public contact. She can tolerate occasional contact with coworkers; however, she should not engage in teamwork or group work oriented tasks. She requires low-stress work, defined as a job having no more than occasional, if any, changes in the work setting and/or in work duties.

Transcript of Record ("Tr.") at 20, ECF No. 14.

At step four, the ALJ found that Plaintiff is unable to perform her past relevant work. At step five, the ALJ concluded that considering Plaintiff's age, education, work experience, and residual functional capacity, jobs exist in significant numbers in the national economy that Plaintiff can perform, such as bottle line attendant, plastics inspector, and garment sorter. Accordingly, the ALJ concluded that Plaintiff has not been under a disability under the Social Security Act since January 1, 2009, her alleged onset date.

## ISSUES ON REVIEW

Plaintiff contends that the ALJ improperly evaluated the opinion of her examining physician Andrea Marshall, D.O., and erroneously omitted lifting and manipulative limitations from the RFC. The Commissioner responds that the ALJ did not err, or alternatively, that Plaintiff has not demonstrated harmful error.

## STANDARD OF REVIEW

The district court must affirm the Commissioner's decision if the Commissioner applied the proper legal standards and the findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Berry v. Astrue*, 622 F.3d 1228, 1231 (9th Cir. 2010). "Substantial evidence is more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Hill*, 698 F.3d at 1159 (internal quotations omitted); *Valentine*, 574 F.3d at 690. The court must weigh all the evidence, whether it supports or detracts from the Commissioner's decision. *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986). The Commissioner's decision must be upheld, even if the evidence is susceptible to more than one rational interpretation. *Batson v. Commissioner Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir.

2004). If the evidence supports the Commissioner's conclusion, the Commissioner must be affirmed; "the court may not substitute its judgment for that of the Commissioner." *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001); *Garrison v. Colvin*, 759 F.3d 995, 1010 (9th Cir. 2014).

## I. The ALJ Properly Evaluated Dr. Marshall's Opinion

To reject the uncontroverted opinion of a treating or examining physician, the ALJ must present clear and convincing reasons. *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). If a treating or examining doctor's opinion is contradicted by another doctor's opinion, it may be rejected by specific and legitimate reasons. *Molina*, 674 F.3d at 1111. When evaluating conflicting opinions, an ALJ is not required to accept an opinion that is not supported by clinical findings, or is brief or conclusory. *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002). In addition, a doctor's work restrictions based on a claimant's subjective statements about symptoms are reasonably discounted when the ALJ finds the claimant less than fully credible. *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1228 (9th Cir. 2009); *Batson*, 359 F.3d at 1195.

Plaintiff argues that the ALJ erred by failing to provide specific and legitimate reasons for partially rejecting Dr. Marshall's opinion. According to Plaintiff, Dr. Marshall's examination findings support a 10-pound lifting restriction and bilateral manipulative restrictions, and the ALJ erred by including only limitations to occasional overhead reaching on the left and occasional handling and fingering on the right into the RFC. Plaintiff's arguments miss the mark.

On March 7, 2013, Andrea Marshall, D.O., performed a physical capacities evaluation. Tr. 372. In that evaluation, Plaintiff reported to Dr. Marshall that she has been diagnosed with a pinched nerve in her back, and that she experiences pain in her shoulders and upper neck, with occasional spasms. Plaintiff reported that she has pain in her left shoulder following a fall from a bus, and that

5 - OPINION AND ORDER

her left shoulder pops and causes pain that interrupts her sleep. Plaintiff reported decreased strength in her hands and decreased grip strength. Plaintiff informed Dr. Marshall that she has right hand and arm numbness with a historical diagnosis of bilateral carpal tunnel that causes her to drop things, that she has difficulty opening cans and bottle caps, and has difficulty with buttons when getting dressed. Tr. 372-73.

Dr. Marshall observed that Plaintiff easily transferred from the chair to the examination table, sat comfortably, removed her shoes without difficulty, and walked around the examination room without difficulty. Examining Plaintiff's upper extremities, Dr. Marshall indicated that Plaintiff's left shoulder and left elbow ranges of motion were limited by pain. Observing Plaintiff's fine and gross motor skills, Dr. Marshall noted that Plaintiff is able to grip and hold objects securely to the palm by the last three digits, but weak on the right, and that Plaintiff is able to grasp and manipulate large and small objects first three digits, but weak on the right. Dr. Marshall indicated that there was no evidence of myotonia, grip release, localized tenderness, erythema, effusion, spasticity or ataxia, and that her sensation to touch and pinprick in all five fingers is normal. Tr. 375. Dr. Marshall's general findings were "mild paravertebral muscle spasms" and areas of tenderness in the left AC joint and back of the neck, with crepitus in the left shoulder. Dr. Marshall noted Phalen's test was positive on the right and Tinel's test was positive bilaterally. Dr. Marshall noted that Plaintiff's muscle strength was 3/5 on the left upper extremity, limited by shoulder pain, and 3/5 on the right limited by hand pain; grip strength was 5/5 on the left and 3/5 on the right limited by hand pain. Dr. Marshall indicated strength in her lower extremities was 5/5 bilaterally. Tr. 375.

Dr. Marshall diagnosed left shoulder pain over the AC left joint and crepitus, with a significantly reduced ranged of motion on the left upper extremity due to a reported injury from a

6 - OPINION AND ORDER

fall. Tr. 376. Dr. Marshall also diagnosed right hand and forearm numbness resulting from the fall. *Id.* Dr. Marshall assessed Plaintiff with the following functional capacities:

> Maximum standing and walking capacity is without limitations.
>
> Maximum sitting capacity is without limitations.
>
> Maximum lifting and carrying capacity is 10 pounds occasionally and frequently until the left shoulder is assessed and the hand numbness is assessed.
>
> Postural activities: Occasionally.
>
> Manipulative activities: Occasionally because of the shoulder pain and the hand numbness.
>
> Workplace environmental activities: Around heights and heavy machinery because of the shoulder pain and hand numbness. Otherwise no limitations.

Tr. 376.

Initially, I note that Dr. Marshall's lifting and manipulative limitations appear provisional, pending further assessment of plaintiff's left shoulder and right hand numbness. Nevertheless, Dr. Marshall's opinion is contradicted by the opinions of agency nonexamining physicians Neal E. Berner, M.D., and Martin B. Lahr, M.D. On March 19, 2013, Dr. Berner completed a Residual Functional Capacity ("RFC") Assessment. Tr. 67-69. Dr. Berner indicated that Plaintiff could stand, walk and sit for six hours in an eight-hour workday, could frequently lift and carry 10 pounds, and occasionally lift and carry 20 pounds, could occasionally crawl, climb ladders, ropes and scaffolds, and was limited to occasional overhead reaching with the left upper extremity and occasional handling and fingering on the right. Tr. 68-69. On August 20, 2013, Dr. Lahr affirmed Dr. Berner's RFC. Tr. 85-86. Because Dr. Marshall's opinion was contradicted, the ALJ was required to provide specific and legitimate reasons, supported by substantial evidence, for discounting it.

In the decision, the ALJ thoroughly discussed Dr. Marshall's opinion and gave it "some weight," but specifically rejected Dr. Marshall's bilateral manipulative restrictions and lifting restrictions stating the following:

> I do not accept [Dr. Marshall's] assessment of [Plaintiff's] capacity for manipulative activities because she failed to indicate specifically which activities were limited. Moreover, the totality of the evidentiary record, including Dr. Marshall's own findings, does not support occasional limitation in all types of manipulative activities. I also find a restriction to no lifting greater than 10 pounds at any time to be inconsistent with the claimant's reported activities, including repetitively lifting her 35-pound grandson. . . . I note that Dr. Marshall's objective findings were the primary reason I accepted carpal tunnel syndrome as a severe impairment despite a lack of necessary findings in the evidence of record.

Tr. 28.

The ALJ's rationale, inconsistency with Dr. Marshall's own findings, inconsistency with the medical record as a whole, and inconsistency between Dr. Marshall's opinion and Plaintiff's reported activities, is wholly supported by substantial evidence in the record and therefore readily provides the necessary specific and legitimate reasons for discounting the bilateral manipulative and 10-pound lifting restrictions.

First, as the ALJ accurately indicated, Dr. Marshall's own findings do not support bilateral manipulative restrictions. Where a physician's opinion is undercut by his or her own findings, the ALJ may reject that opinion. *See, e.g., Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (noting that an "incongruity" between doctor's opinion and his own medical records is a specific and legitimate reason for rejecting that doctor's opinion). Although Dr. Marshall did discuss positive carpal tunnel symptoms bilaterally, her report described Plaintiff's chief complaints as a pinched nerve in her back, and "right hand and arm numbness" and "left shoulder pain." Tr. 372. As discussed above, when assessing Plaintiff's gross and fine motor skills, Dr. Marshall found Plaintiff

8 - OPINION AND ORDER

could grip and hold securely, but was weak on the right, and Plaintiff could manipulate large and small objects but was weak on the right. Tr. 375. And, Dr. Marshall found Plaintiff's grip strength 5/5 on the left and only 3/5 on the right. Therefore, the ALJ reasonably determined that Dr. Marshall's bilateral manipulative restrictions were inconsistent with her own findings that Plaintiff demonstrated weakness and reduced strength on the right side only. I conclude this is a specific and legitimate reason for discounting Dr. Marshall's opinion.

Second, Dr. Marshall's bilateral manipulative restrictions are inconsistent with the objective medical record as a whole. As the ALJ discussed, the record in its entirety comports with potential manipulative restrictions on the right side only. For example, an emergency room report indicates that plaintiff sought treatment in July 2012 for right hand and wrist pain after falling. Tr. 279. An x-ray did not show any significant findings, and plaintiff was discharged with a diagnosis of a right hand contusion or sprain. Tr. 279-82, 354. Indeed, aside from Dr. Marshall's opinion, Plaintiff identifies no other objective medical evidence supporting bilateral manipulative restrictions. Although a March 2011 treatment note authored by Elaine Mitchell, D.O., reflects a history of bilateral carpal tunnel, plaintiff does not assert, nor does the record reflect, that she has received any ongoing treatment for that condition. Tr. 460. Thus, the inconsistency with the medical record as a whole provides another specific and legitimate reason for discounting Dr. Marshall's opinion.

Third, as the ALJ accurately noted, Dr. Marshall's 10-pound lifting restriction was inconsistent with Plaintiff's own reported activities. As the ALJ accurately discussed when discounting Dr. Marshall's 10-pound lifting restriction, in June 2012, Plaintiff reported babysitting her 35-pound grandson as an contributing factor when she sought treatment for back pain. Tr. 286. Although Plaintiff suffered back pain from lifting her 35-pound grandson, the ALJ reasonably

interpreted this as evidence inconsistent with a 10-pound lifting restriction. *See* SSR 83-10 (defining "occasionally" as occurring "very little up to one-third of the time"). Again, the ALJ's findings are backed by substantial evidence. Therefore, I conclude that this rationale, when combined with the two previously discussed, readily amount to specific and legitimate reasons for discounting Dr. Marshall's opinion.

Additionally, the ALJ found plaintiff's allegations of disability not entirely credible based in part on Plaintiff's inconsistent self-reports and the lack of objective support in the medical record as whole. It is well-settled that a physician's opinion premised upon a claimant's properly discounted subjective symptoms and limitations may be disregarded. *See Tommasetti*, 533 F.3d at 1041 ("An ALJ may reject a treating physician's opinion if it is based to a large extent on a claimant's self-reports that have been properly discounted as incredible.") (internal quotations omitted); *Chaudry v. Astrue*, 688 F.3d 661, 671 (9th Cir. 2012) (discounting physician's opinion based on plaintiff's self-report); *Bray*, 554 F.3d at 1228. Notably, plaintiff does not challenge the ALJ's adverse credibility determination. I conclude the ALJ's thorough credibility analysis lends additional substantial evidence supporting the partial rejection of Dr. Marshall's opinion in the context of the decision as a whole.

For example, in the credibility determination, the ALJ discussed that Plaintiff's complaint of low back pain with radiation into her legs was unsupported by imaging. Tr. 399-401, 449. The ALJ also noted that Plaintiff reported having no difficulty with chores such as sweeping, dusting, mopping, cleaning the kitchen, writing, using the computer for a few hours each day, and cooking. Tr. 27. And, as the ALJ found, plaintiff inconsistently reported to Dr. Marshall that she had difficulty using her right hand for chores and dressing, yet later denied having difficulty with these

10 - OPINION AND ORDER

activities. *Compare* Tr. 373 *with* Tr. 379. The ALJ noted that Plaintiff contended she was mentally incompetent, but was able to care for her grandson and attend some college courses while on her medications, and that Plaintiff continued to work until August 2009 despite an alleged onset of disability date of January 2009. And, the ALJ found that Plaintiff made inconsistent statements about her sobriety, stating that she has been sober since 2004, yet acknowledging methamphetamine use into 2005, and an unfortunate relapse of methamphetamine use in May 2011. Tr. 27, 202, 364, 379, 462-63. The ALJ's findings are wholly supported by substantial evidence in the record.

Therefore, having thoroughly reviewed the record in its entirety, I conclude the ALJ provided specific and legitimate reasons, backed by substantial evidence in the record as a whole, to partially reject Dr. Marshall's opinion. Based on the record before me, the ALJ reasonably and rationally interpreted Dr. Marshall's opinion. *Molina*, 674 F.3d at 1111 (finding rational interpretations of the evidence must be upheld if they are supported by substantial evidence). The ALJ's decision is free of legal error, and accordingly, is affirmed.

## CONCLUSION

For the reasons set forth above, the Commissioner's final decision denying benefits to plaintiff is AFFIRMED. This action is DISMISSED.

IT IS SO ORDERED.

DATED this _19_ day of MAY, 2016.

Malcolm F. Marsh
United States District Judge